## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

EDWARD K. HARTSOG and
ROSANNE L. HARTSOG, his spouse,

              Plaintiffs,

v.                                    CIVIL ACTION NO. 3:25-0430

STATE FARM FIRE AND
CASUALTY COMPANY,

              Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Fire and Casualty Company's Partial Motion to Dismiss the Complaint, ECF No. 5. For the reasons provided below, the Court **GRANTS, in part,** and **DENIES, in part,** Defendant's motion.

### I.    FACTUAL ALLEGATIONS

Plaintiffs Edward K. Hartsog and Rosanne L. Hartsog bring suit against Defendant for the alleged mishandling of an insurance claim. Plaintiffs' residence was covered by a homeowners insurance policy issued by Defendant at the time at issue. *Answer* ¶¶ 4, 6, ECF No. 11. On or about April 2, 2024, Plaintiffs reported to Defendant that their residence had sustained windstorm damage to the roof and screened-in porch. *Id.* Plaintiffs allege that during the subsequent months, Defendant delayed and denied necessary coverage. *Compl.* ¶¶ 33, 41, ECF No. 1-1.

Plaintiffs allege that, with no resolution in late-June of 2024, they replaced the roof at their own expense of $14,130.06, and later, did the same for their screened-in porch. *Id.* ¶¶ 45, 58. Further, Plaintiffs allege that after various unanswered follow-up emails, Plaintiffs filed a formal

complaint with the West Virginia Insurance Commissioner which resulted in a hearing in September of 2024. *Id.* ¶¶ 38–40.[1]

Plaintiffs filed suit in the Circuit Court of Putnam County, West Virginia, on June 6, 2025. *Notice of Removal* ¶ 1, ECF No. 1. Defendant removed this action to this Court based on diversity jurisdiction on July 11, 2025. *Id.* ¶ 9. Plaintiffs' Complaint alleges five causes of action: Negligence (Count I); Breach of Contract (Count II); Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III); Violations of the Unfair Trade Practice Act (UTPA) under West Virginia Code § 33-11-4 and W. Va. CSR § 114-14-1 *et seq.* (Count IV); and a "*Hayseeds* Claim for Attorney Fees" (Count V).

Defendant now moves to dismiss Count I, Count III, part of Count IV, and Count V under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 1, ECF No. 6.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To demonstrate facial plausibility, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows defendants to motion to dismiss for failure to state a claim. When considering a Rule 12(b)(6) motion, courts "must accept as true all of the

---

[1] The decision is still pending. *Compl.* ¶¶ 56–57.

factual allegations contained in the complaint[,]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "drawing all reasonable factual inferences" in favor of the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.    ANALYSIS

Defendant moves to partially dismiss Plaintiffs' complaint asserting (1) the negligence claim is barred by the gist of the action doctrine; (2) the breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract claim; (3) *Hayseeds* damages are not an independent cause of action; and (4) the UTPA does not provide relief for violations of rules promulgated by the West Virginia Insurance Commissioner.

The Court addresses each argument in turn and in the same order as raised within the motion.

#### A.  Negligence

Defendant moves to dismiss Count I of Negligence, arguing that, as Plaintiffs have not asserted a non-contractual duty, the negligence claim is barred by the gist of the action doctrine. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 4. Plaintiffs allege that Defendant owed Plaintiffs a duty to timely and properly review claims and to pay coverage limits due under their policy, and that Defendant breached such duties. *Compl.* ¶¶ 67–69.

Under West Virginia's gist of the action doctrine, "[a]n action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." *Soyoola v. Oceanus Ins. Co.*, 986 F. Supp. 2d 695, 707 (S.D. W. Va. 2013) (quoting *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619 (W. Va. 2002)). The gist of the action doctrine is intended to prevent contract claims from being recast as tort claims. *Covol Fuels No. 4, LLC v. Pinnacle Mining Co.*, 785 F.3d 104, 115 (4th Cir. 2015) (citing *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013)). Actions based in tort are barred

in the following situations:

> (1) where liability arises solely from the contractual relationship between the parties;
> (2) when the alleged duties breached were grounded in the contract itself;
> (3) where any liability stems from the contract; [and/or]
> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Gaddy Eng'g Co.*, 746 S.E.2d at 577 (W. Va. 2013). Thus, the doctrine "requires plaintiffs seeking relief in tort to identify a non-contractual duty breached by the alleged tortfeasor." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 980 (4th Cir. 2015).

In response, Plaintiffs argue their claim of negligence arises under the duties imposed under the UTPA and that such duties are independent from any contractual relationship. *Pls.' Mem. in Opp. to Def.'s Partial Mot. to Dismiss* 3, ECF No. 17. That argument fails, as it has before in this Court's rejection of the same in *Gue v. Nationwide Ins. Co.*, Civ. Act. No. 3:21-0123, 2021 WL 3576697, at *5 (S.D. W. Va. Aug. 12, 2021). Plaintiffs argue Southern District of West Virginia, Beckley Division, Chief Judge Johnston's decision in *172 Ragland Eat, LLC v. DDP Roofing Services, Inc.*, supports the contention that this claim can survive the gist of the act doctrine. *Pls.' Mem. in Opp. to Def.'s Partial Mot. to Dismiss* 3 (citing *172 Ragland Eat, LLC v. DDP Roofing Services, Inc.*, Civ. Act. No. 5:23-cv-00339, 2024 WL 874136, at *3 (S.D. W. Va. Feb. 29, 2024)). There, the tort claim survived alongside the contract claim because there was an independent, extra-contractual duty in tort to prevent and mitigate accidental fires. *172 Ragland Eat, LLC*, 2024 WL 874136, at *3. Plaintiffs' circumstance is not analogous.

Further, the Court agrees with the defendant's assertion that any argument that the implied covenant of good faith and fair dealing creates an independent basis for the negligence claim is similarly misguided. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 5. Ultimately, the

obligations that Plaintiffs claim Defendant failed to fulfill would not exist but-for the contract between the insured and insurer.

Although there are instances in which a tort claim may arise apart from the parties' contractual relationship, this situation is not one of them. Plaintiffs' argument fails because without the contract, no obligation, which Plaintiffs now claim Defendant violated, would be imposed by the UTPA. Therefore, the Court **GRANTS** Defendant's motion to dismiss Count I.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Defendant moves to dismiss Count III, arguing that West Virginia law does not recognize an independent cause of action for a breach of the implied covenant of good faith and fair dealing separate and apart from a breach of contract claim. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 6. Plaintiffs do not object to a dismissal of their claim of a breach of the implied covenant of good faith and fair dealing, without prejudice, considering Defendant concedes that the breach of contract claim was adequately pled.[2] *Pls.' Mem. in Opp. to Def.'s Partial Mot. to Dismiss* 3–4. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count III, therefore, Plaintiffs' claim of a breach of the implied covenant of good faith and fair dealing is **DISMISSED without prejudice**.

**C. *Hayseeds* Claim**

Defendant moves to dismiss Count V arguing that West Virginia law considers *Hayseeds* damages to be a remedy, not an independent claim. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 7.

---

[2] The Court notes that, in reply, Defendant indicates that the concession does not represent an admission of the breach of contract or that any coverage is owed under the policy. *Def.'s Reply Supp. its Partial Mot. to Dismiss the Compl.* 3 n.2, ECF No. 19.

For almost thirty years, wronged insurance policyholders in West Virginia have enjoyed remedial insulation, as "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. Pt. 1, *Hayseeds, Inc. v. State Farm Fire & Casualty*, 352 S.E.2d 73 (W. Va. 1986). Through this ruling, the Supreme Court of Appeals of West Virginia intended to further deter unreasonable claims settlement bureaucracy, which often left policyholders disadvantaged due to the substantial disparity in bargaining power between insurer and insured. *Id.* at 77–78. When catastrophe hits and a policyholder must rely on their insurance, an urgent resolution is desirable, as a policyholder may need funds to repay creditors or rebuild. *Id.* Further, "[t]o impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain." *Id.* at 80.

Defendant argues West Virginia does not recognize an independent cause of action for *Hayseeds* damages, just as West Virginia law does not recognize an independent cause of action for punitive damages. Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl. 7 n.3. Defendant cites a decision from the Northern District of West Virginia where, although the independent punitive damages claim was dismissed, the asserted independent *Hayseeds* claim, was not dismissed. *Slampak v. Nationwide Ins. Co. of Am.*, Civ. Act. No. 5:18CV154, 2019 WL 3304814, at *4–7 (N.D. W. Va. July 23, 2019) (citing *Cook v. Heck's Inc.*, 342 S.E.2d 453, 461 n.3 (W. Va. 1986); *Miller v. Carelink Health Plans, Inc.*, 82 F. Supp. 2d 574, 579 n.6 (W. Va. 2000)). *Hayseeds* damages are not punitive in nature.[3] Defendant cites no authority that establishes that *Hayseeds*

---

[3] "Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for

damages, asserted as a separate claim, must be dismissed.

Plaintiffs notes that courts have referred to "*Hayseeds* claims," which may suggest that *Hayseeds* damages were pled as claims and not dismissed on those grounds, however, the issue may not have been brought nor addressed and courts may stray from technical language. *Pls.' Mem. in Opp. to Def.'s Partial Mot. to Dismiss* 4. For example, Plaintiffs cite *McCormick v. Allstate Insurance Co.*, where the Supreme Court of Appeals of West Virginia indicated a trial was bifurcated, with the first trial addressing the "*Hayseeds* claim." *Id.* (citing *McCormick v. Allstate Ins. Co.*, 505 S.E.2d 454, 457 (W. Va. 1998)).[4]

In reply, Defendant suggests the distinction between a concurrent breach of contract and *Hayseeds* action and a subsequent common law bad faith *Hayseeds* action warrant an outcome that dismisses Plaintiffs' independent *Hayseeds* claim. *Def.'s Reply Supp. its Partial Mot. to Dismiss the Compl.* 3, ECF No. 19 (citing *State ex. rel. Erie Ins. Prop. & Cas. Co. v. Beane*, No. 15–0968, 2016 WL 3392560, at *3–4 (W. Va. June 13, 2016 (unreported decision)). The distinction is irrelevant in this circumstance.

---

aggravation and inconvenience." Syl. Pt. 1, *Hayseeds, Inc.*, 352 S.E.2d 73 (W. Va. 1986). "An insurer cannot be held liable for punitive damages by its refusal to pay on an insured's property damage claim unless such refusal is accompanied by a malicious intention to injure or defraud." Syl. Pt. 2, *Id.*

[4] The Supreme Court of Appeals of West Virginia indicated in a previous appeal of *McCormick* that, "[i]n count one of his complaint, the appellant claimed that Allstate not only failed to honor its insurance contract, but also breached its duty of good faith and fair dealing in handling his claim. As we interpret the claims pleaded and tried, the appellant asserted a cause of action under the principles first enunciated by this Court in *Hayseeds, Inc. v. State Farm Fire & Casualty*, 177 W.Va. 323, 352 S.E.2d 73 (1986). In a second count, he claimed that Allstate had violated the West Virginia Fair Trade Practices Act, W.Va.Code § 33–11–4(9), and he sought attorney fees and punitive damages under the principles set out in *Jenkins v. J.C. Penney Casualty Insurance Company*, 167 W.Va. 597, 280 S.E.2d 252 (1981)." *See McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 510 (W. Va. 1996). This indicates "*Hayseeds* claim" was likely referencing asserted count one which did not solely consist of an independent claim for damages, as Plaintiffs suggests.

Dismissal of the independent claim for *Hayseeds* damages is not warranted. *Hayseeds* damages must relate to a contract dispute which is the central issue in this case. If such cause of action dissolves, Count V will follow.[5]

For these reasons, Defendant's motion to dismiss Count V is **DENIED**.

### D.  Unfair Trade Practices

Defendant moves to dismiss Count IV, titled "Unfair Trade Practices under W. Va. Code § 33-11-4 and W. Va. C.S.R. § 114-14-1 *et seq.*," to the extent that Plaintiffs rely on rules of the West Virginia Insurance Commissioner (W. Va. C.S.R. § 114-14-1), arguing that Plaintiffs cannot recover for such violations. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 8. To clarify, Plaintiffs identify both the West Virginia Unfair Trade Practices Act (W. Va. Code § 33-11-4) and West Virginia Insurance Commissioner Rules (W. Va. CSR § 114-14-1–10) ("Series 14") as the basis for recovery for violations of "Unfair Trade Practices" in Count IV. *Compl.* 13.

The West Virginia Unfair Trade Practices Act, in part, prohibits certain acts from being "commit[ted] or perform[ed] with such frequency as to indicate a general business practice[.]" W. Va. Code § 33-11-4(9). A general business practice requires "[m]ore than a single isolated violation of West Virginia Code § 33-11-4(9)[.]" Syl. Pt. 3, in part, *Jenkins v. J. C. Penney Cas.*

---

[5] Additionally, Defendant is not prejudiced by Plaintiffs asserting *Hayseeds* damages as an independent claim. Plaintiff's Complaint references such damages in the "Prayer for Relief" section: "Plaintiffs respectfully request judgment be entered against Defendant the following: Compensatory and general damages for the Plaintiffs' general and special damages set forth above; Punitive damages; Prejudgment and post-judgment interest; and [a]n award of costs and attorney fees." *Compl.* 15. However, *Hayseeds* damages are only referenced under Count V. Both parties agree *Hayseeds* damages are only awarded if Plaintiffs substantially prevail in the breach of contract claim. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl* .4; Pls.' *Mem. in Opp. to Def.'s Partial Mot. to Dismiss* 3.

*Ins. Co.*, 280 S.E.2d 252 (W. Va. 1981).[6] Plaintiffs have alleged multiple violations,[7] and Defendant does not challenge the pleading of the UTPA claim generally. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 8. Rather, Defendant asserts that the Court should not consider the alleged Series 14 violations as independent grounds for recovery, as they are "merely cumulative" and "barred by the UTPA." *Id.*

Defendant relies on the language within Series 14 which states that "[n]othing in this rule creates or recognizes, either explicitly or impliedly, any new or different cause of action not otherwise recognized by law." *Id.* (citing W. Va. C.S.R. 114-14-1.1 (e)). Additionally, Defendant

---

[6] Overruled on other grounds by *State ex rel. State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994).

[7] As noted in Plaintiffs' Complaint:
> 79. The acts and omissions of State Farm, by and through their agents, representatives and employees in the handling of Plaintiffs' claim violated W.Va. Code § 33-11-4(9) in the following particulars:
> a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the State Farm Insurance policy;
> b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> c. Refusing to pay the claims of the Plaintiffs without conducting a reasonable investigation based upon all available information;
> d. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of
> the Plaintiffs' claims when liability had been admitted;
> . . .
> 81. The acts and omissions of State farm spanned a series of months and consisted of repeated tactics designed to delay and deny coverage, including but not limited to:
> a. Repeatedly taking days or weeks, if ever, to respond to Plaintiffs' inquiries;
> b. Requesting duplicative submissions of claim information and estimates;
> c. Conducting duplicative and delayed inspections of the insured property;
> d. Contradicting and rejecting the estimates and recommendations of licensed contractors; and
> e. Rerouting Plaintiffs through a layers of bureaucratic administration to ultimately affirm the coverage decision, despite indications to the contrary.

*Compl.* ¶¶ 79, 81.

cites *White v. American General Life Insurance Co.,* where Judge Copenhaver of this District granted summary judgment to the extent a UTPA claim was based on alleged Series 14 violation, as the rule was being relied upon "as the basis for a freestanding claim." *White v. Am. Gen. Life Ins. Co.*, 651 F.Supp.2d 530, 548 (S.D. W. Va. 2009) (citing *Russell v. Amerisure Ins. Co.*, 433 S.E.2d 532, 535 n.4 (W. Va. 1993)).[8]

While Series 14 does not set forth an independent ground for the UTPA claim, the Court may consider such violations to inform the scope of the properly alleged UTPA violations. *Id.* Plaintiffs do not provide authority to support the continuation of a claim of alleged violations of Series 14 as independent grounds for recovery, however, Plaintiffs and Defendant agree that the violations of Series 14 may still be considered to inform the scope and purpose of the UTPA violations. *Mem. Supp. Def.'s Partial Mot. to Dismiss the Compl.* 8; Pls.' *Mem. in Opp. to Def.'s Partial Mot. to Dismiss* 4–5. Accordingly, Defendant's motion to dismiss Count IV to the extent that it is grounded in rules of the West Virginia Insurance Commissioner is **GRANTED**. Count IV continues to be a viable claim.

## IV.   CONCLUSION

Based on the foregoing analysis, Defendant's Partial Motion to Dismiss is **GRANTED, in part,** and **DENIED, in part**. ECF No. 5. Defendant's motion is **DENIED, in part,** as it relates to Count V. Defendant's motion is **GRANTED, in part,** as it relates to Count I of Negligence, Count

---

[8] In *Russel*, the "Appellant cite[d] to section 114-14-6.10 of . . . West Virginia's insurance regulations requir[ing] that '[n]o person shall negotiate for settlement of a claim with a claimant who is neither an attorney nor represented by an attorney without giving the claimant written notice that the claimant's rights may be affected by a statute of limitations....' 8 W.Va. C.S.R. § 114-14-6.10 (eff. 1975)." The Court noted that even if the defendant did violate the regulation, "an act of malfeasance that this Court certainly does not condone, a violation of an insurance regulation standing alone does not give rise to a cause of action under West Virginia Code § 33-11-4(9)." *Russell v. Amerisure Ins. Co.*, 433 S.E.2d 532, 535 (1993), overruled on other grounds by *State ex rel. State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (1994).

III of a breach of the implied covenant of good faith and fair dealing, and Count IV to the extent that it is based upon rules of the West Virginia Insurance Commissioner. Accordingly, Plaintiffs' claim of negligence (Count I) is **DISMISSED**. Plaintiffs' claim of a breach of the implied covenant of good faith and fair dealing (Count III) is **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:     December 2, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE